# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 7, 2016

Plaintiff-Appellee,

v

No. 324191
Oakland Circuit Court
LC No. 2014-248956-FC

LARRY DOUGLAS SHELTON,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

STEPHENS, J. (*Concurring*)

I write separately because I disagree with the majority's analysis as to the admission of AJ's statements to her mother disclosing sexual abuse by defendant and to the admission of testimony regarding mother's illegal sexual contact with defendant when she was fourteen-years-old and he was twenty-five-years-old. First, I do not believe that the record supports concluding that AJ's statements to her mother were made under the stress and trauma of the sexual assault in order to constitute excited utterances under MRE 803(2). The record is devoid of any testimony from the mother as to AJ's demeanor when she recounted the details of the assault. The erroneous admission of AJ's statements to her mother, however, was not outcome determinative. The statements recounted by her mother were cumulative of statements made to medical professionals and her cousin and aligned with her trial testimony.

Second, I believe that the admission of testimony regarding mother's sexual contact with defendant when he was twenty-five years of age and she was only fourteen years of age is a disguised propensity argument under MRE 403. The probative value of this evidence is outweighed by its prejudicial effect when the jury here was more likely to convict based on defendant's prior repulsive conduct with the mother. Further, this particular contact was also remote in time, having occurred over a decade ago. However, as the majority notes, the testimony regarding defendant's assault of the victim's mother was otherwise admissible under MCL 768.27a and its admission was not erroneous. I therefore, concur with the majority's decision to affirm.

/s/ Cynthia Diane Stephens

-1-